THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REDAPT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JASON MEYERS,<br><br>Defendant. | CASE NO. C26-0413-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's summary judgment motion (Dkt. No. 14). Having thoroughly considered the briefing and record, the Court GRANTS the motion for the reasons described herein.

This is a breach of contract and unjust enrichment case. (*See generally* Dkt. No. 1-1.) According to Plaintiff's complaint, Defendant was Plaintiff's Chief Revenue Officer from approximately January through August of 2024. (*Id.* at 5.) During this time, Plaintiff allegedly advanced Defendant $250,000 in incentive bonus payments. (*Id.*) Further, according to Plaintiff, Defendant resigned before earning that money, which he never paid back. (*Id.*) Plaintiff sued in King County Superior Court seeking the money's return. (Dkt. No. 1-1.) Defendant removed the matter here. (Dkt. No. 1.)

In answering, Defendant lodged the following (first affirmative) defense: "Plaintiff expressly waived its rights to assert any claims by failing to bring a demand for arbitration within

one year of the termination of employment . . . [t]hus, Plaintiff's claims are barred by the contractual one-year limitation period set forth in [the employment agreement] that Plaintiff drafted." (Dkt. No. 8 at 3.) Defendant now moves for summary judgment on this defense. (Dkt. No. 14.) Plaintiff has not responded.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering such a motion, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Correspondingly, a defendant who seeks summary judgment on an affirmative defense must come forward with evidence sufficient to support a directed verdict (if the evidence went uncontroverted) at trial. *See Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992).

In support of Defendant's unopposed motion, he provides his own declaration, a copy of his employment agreement,[1] and Plaintiff's demand letter (seeking return of the advance) dated August 30, 2024. (*See* Dkt. No. 15 at 1–2, 7–13, 15–17.) Also before the Court is Defendant's notice of removal (Dkt. No. 1), which includes the King County Superior complaint, date-stamped for December 5, 2025.[2] (Dkt. No. 1-1 at 4.) Collectively, this is sufficient to support a directed verdict (on Defendant's first defense). Further, because Plaintiff did not respond to Defendant's motion, the issue is uncontroverted. Meaning, no genuine issue of fact precludes judgment as a matter of law in Defendant's favor on its first affirmative defense.

---

[1] According to Defendant's declaration, Plaintiff drafted the agreement, which Defendant signed without alteration. (*See* Dkt. No. 15 at 1.)

[2] By the Court's math, this is more than 12 months after the demand letter.

For the foregoing reason, the Court GRANTS Defendant's motion (Dkt. No. 14) and DISMISSES the complaint with prejudice.

It is so ORDERED this 30th day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE